**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 30, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41132
Summary Calendar

SILVESTRE MORENO, JR.,

Plaintiff-Appellant,

versus

CITY OF PROGRESO, TEXAS; CHARLIE VASQUEZ, City Alderman City of
Progreso; DAVID HERNANDEZ, JR., Police Lieutenant; UVALDO LOPEZ,
Police Officer; MELISSA ALANIS, Municipal Judge,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CV-352
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Silvestre Moreno, Jr., appeals the district court's grant of

summary judgment in favor of the defendants and the dismissal with

prejudice of his 42 U.S.C. § 1983 complaint. He argues that the

district court erred in ruling there was probable cause for his

arrest; erred in failing to hold that his Fourteenth Amendment

rights were violated; erred in failing to hold that the City of

Progresso was liable; erred in granting qualified immunity to

Lieutenant Hernandez and Officer Lopez; erred in concluding that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Municipal Judge Alanis was absolutely immune; and erred in granting the defendants' summary judgment motion because there were genuine issues of material fact and because discovery had not yet been completed.

Moreno does not challenge the district court's dismissal of his claims under the Sixth and Eighth Amendments or the district court's finding that the defendants' alleged violation of state penal laws failed to state a violation of federal law under 42 U.S.C. § 1983.  Accordingly, these claims have been abandoned. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

After conducting a de novo review of the record, we conclude that there was probable cause to arrest Moreno for assaulting Tesoro Vasquez and that the district court did not err in granting the defendants' summary judgment motion with respect to Moreno's Fourth Amendment claims against the city, the police officers, and the municipal judge.  See Sorenson v. Ferrie, 134 F.3d 325, 328 (5th Cir. 1998); TEX. PEN. CODE § 22.01(a)(1) (Vernon 2003). Although Moreno asserted that he told Officer Lopez that the assault was legally justified under Texas Penal Code § 9.62, this assertion was contained in his unverified complaint, which did not constitute competent summary judgment evidence.

Moreno's Fourteenth Amendment claims are without merit.  The negligent failure to investigate other leads does not violate due process.  See Baker v. McCollan, 443 U.S. 137, 144 (1979); Sanders

2

v. English, 950 F.2d 1152, 1161-62 (5th Cir. 1992). Moreover, a person's interest in his reputation alone, apart from some more tangible interest such as employment, is not a sufficient liberty or property interest to invoke the procedural protections of the due process clause. See Paul v. Davis, 424 U.S. 693, 701 (1976).

Although Moreno argues that there was a genuine issue of material fact as to whether there was probable cause for his arrest, his assertion is, as noted above, incorrect. As Moreno has not shown how additional discovery would have produced further evidence to establish a genuine issue of material fact concerning his arrest, he has not demonstrated that the district court's stay of discovery was an abuse of discretion. See Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1441 (5th Cir. 1993).

**AFFIRMED.**